UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRE INNOVATIONS, LLC,<br><br>            Plaintiff(s),<br><br>      v.<br><br>RIT RESCUE & ESCAPE SYSTEMS, INC.,<br><br>            Defendant(s). | No.  C09-1703 BZ<br><br>**ORDER SCHEDULING JURY TRIAL AND PRETRIAL MATTERS** |

Following a Status Conference, **IT IS HEREBY ORDERED** that:

1. <u>DATES</u>

Trial Date: **Monday, 2/7/2011, 10 days**

2. <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a

1

1 certification that all supplementation has been completed.

2 In the event a discovery dispute arises, **lead counsel** for
3 each party shall meet in person or, if counsel are outside the
4 Bay Area, by telephone and make a good faith effort to resolve
5 their dispute.  Exchanging letters or telephone messages about
6 the dispute is insufficient.  The Court does not read
7 subsequent positioning letters; parties shall instead make a
8 contemporaneous record of their meeting using a tape recorder
9 or a court reporter.

10 In the event they cannot resolve their dispute, the
11 parties must participate in a telephone conference with the
12 Court **before** filing any discovery motions or other papers.
13 The party seeking discovery shall request a conference in a
14 letter filed electronically not exceeding two pages (with no
15 attachments) which briefly explains the nature of the action
16 and the issues in dispute.  Other parties shall reply in
17 similar fashion within two days of receiving the letter
18 requesting the conference.  The Court will contact the parties
19 to schedule the conference.

20 3.   <u>MOTIONS</u>

21 Consult Civil Local Rules 7-1 through 7-5 and this
22 Court's standing orders regarding motion practice.  Motions
23 for **summary judgment** shall be accompanied by a statement of
24 the material facts not in dispute supported by citations to
25 admissible evidence.  The parties shall file a joint statement
26 of undisputed facts where possible.  If the parties are unable
27 to reach complete agreement after meeting and conferring, they
28 shall file a joint statement of the undisputed facts about

1  which they do agree.  Any party may then file a separate
2  statement of the additional facts that the party contends are
3  undisputed.  A party who without substantial justification
4  contends that a fact is in dispute is subject to sanctions.
5       A Chambers copy of all briefs shall be e-mailed in
6  WordPerfect or Word format to the following address:
7  bzpo@cand.uscourts.gov.
8  4.   SETTLEMENT
9       This case is referred for assignment to a Magistrate
10 Judge to conduct a settlement conference in **JUNE OR JULY of**
11 **2010.** Counsel will be contacted by that judge's chambers with
12 a date and time for the conference.
13 5.   PRETRIAL CONFERENCE
14      Not less than thirty days prior to the date of the
15 pretrial conference, the parties shall meet and take all steps
16 necessary to fulfill the requirements of this Order.
17      Not less than twenty-one days prior to the pretrial
18 conference, the parties shall: (1) serve and file a joint
19 pretrial statement, containing the information listed in
20 **Attachment 1**, and a proposed pretrial order; (2) serve and
21 file trial briefs, Daubert motions, motions *in limine*, and
22 statements designating excerpts from discovery that will be
23 offered at trial (specifying the witness and page and line
24 references); (3) exchange exhibits, agree on and number a
25 joint set of exhibits and number separately those exhibits to
26 which the parties cannot agree; (4) deliver all marked trial
27 exhibits directly to the courtroom clerk, Ms. Yiu; (5) deliver
28 one extra set of all marked exhibits directly to Chambers; and

1  (6) submit all exhibits in three-ring binders.  Each exhibit
2  shall be marked with an exhibit label as contained in
3  **Attachment 2**.  The exhibits shall also be separated with
4  correctly marked side tabs so that they are easy to find.
5       No party shall be permitted to call any witness or offer
6  any exhibit in its case in chief that is not disclosed at
7  pretrial, without leave of Court and for good cause.
8       Lead trial counsel for each party shall meet and confer
9  in an effort to resolve all disputes regarding anticipated
10 testimony, witnesses and exhibits.  All Daubert motions,
11 motions *in limine*, and objections will be heard at the
12 pretrial conference.  Not less than eleven days prior to the
13 pretrial conference, the parties shall serve and file any
14 objections to witnesses or exhibits or to the qualifications
15 of an expert witness.  Oppositions shall be filed and served
16 not less than eleven days prior to the conference.  There
17 shall be no replies.
18       Not less than twenty-one days prior to the pretrial
19 conference the parties shall serve and file requested voir
20 dire questions, jury instructions, and forms of verdict.  The
21 following jury instructions from the *Manual of Model Civil*
22 *Jury Instructions for the Ninth Circuit* (2007 ed.) will be
23 given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,
24 3.1-3.3.  Do not submit a copy of these instructions.  Counsel
25 shall submit a joint set of case specific instructions.  Any
26 instructions on which the parties cannot agree may be
27 submitted separately.  The Ninth Circuit Manual should be used
28 where possible.  Each requested instruction shall be typed in

full on a separate page with citations to the authority upon which it is based. Proposed jury instructions taken from the Ninth Circuit Manual need only contain a citation to that source. Any modifications made to proposed instructions taken from a manual of model instructions must be clearly indicated. In addition, all proposed jury instructions should conform to the format of the Example Jury Instruction attached to this Order. Not less than eleven days prior to the pretrial conference, the parties shall serve and file any objections to separately proposed jury instructions.

Jury instructions that the Court has given in prior cases may be downloaded from the Northern District website at **http:\\www.cand.uscourts.gov**. (Instructions are located on the "Judge Information" page for Magistrate Judge Zimmerman). The Court will generally give the same instructions in cases involving similar claims unless a party establishes, with supporting authorities, that the instruction is no longer correct or that a different instruction should be given. CACI instructions generally will be given instead of BAJI instructions.

A copy of all pretrial submissions, except for exhibits, shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov

At the time of filing the original with the Clerk's Office, two copies of all documents (but only one copy of the exhibits) shall be delivered directly to Chambers (Room 15-6688). Chambers' copies of all pretrial documents shall be three-hole punched at the side, suitable for insertion into

standard, three-ring binders.

Dated: January 5, 2010

                           _/s/ Bernard Zimmerman_
                                  Bernard Zimmerman
                          United States Magistrate Judge

G:\BZALL\-BZCASES\FIRE INNOVATIONS V. RIT RESCUE\PRETRIAL ORDER.wpd

6

**EXAMPLE PROPOSED JURY INSTRUCTION**
**For Chambers of Magistrate Judge Zimmerman**

A proposed jury instruction should contain the following elements in the following order: (1) the name of the party submitting the instruction; (2) the title of the instruction; (3) the text of the instruction; (4) the authority for the instruction; (5) blank boxes for the Court to note whether it gives the instruction, refuses to give it, or gives it as modified. The following proposed instruction contains these elements.

_____'s Proposed Instruction No. _____.
(Party)

[Title]

[Text]

[Authority]

_____ GIVEN     _____ REFUSED     _____ GIVEN AS MODIFIED

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have

8

1   made to resolve disputes over anticipated testimony,
    exhibits and witnesses.

            (A)   Witnesses to be Called. In
                  lieu of FRCP 26(a)(3)(A), a
                  list of all witnesses likely
                  to be called at trial, other
                  than solely for impeachment or
                  rebuttal, together with a
                  brief statement following each
                  name describing the substance
                  of the testimony to be given.

            (B)   Estimate of Trial Time. An
                  estimate of the number of
                  court days needed for the
                  presentation of each party's
                  case, indicating possible
                  reductions in time through
                  proposed stipulations, agreed
                  statements of facts, or
                  expedited means of presenting
                  testimony and exhibits.

            (C)   Use of Discovery Responses. In
                  lieu of FRCP 26(a)(3)(B), cite
                  possible presentation at trial
                  of evidence, other than solely
                  for impeachment or rebuttal,
                  through use of excerpts from
                  depositions, from
                  interrogatory answers, or from
                  responses to requests for
                  admission.  Counsel shall
                  state any objections to use of
                  these materials and that
                  counsel has conferred
                  respecting such objections.

            (D)   Further Discovery or Motions.
                  A statement of all remaining
                  motions, including <u>Daubert</u>
                  motions.

       (4) **Trial Alternatives and Options.**

            (A)   Settlement Discussion. A
                  statement summarizing the
                  status of settlement
                  negotiations and indicating
                  whether further negotiations
                  are likely to be productive.

9

        (B)    Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

        (C)    Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

## ATTACHMENT 2

**USDC**
Case No. CV08-04196 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04196 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____